[Crim. No. 1458. Second Appellate District, Division Two.—February 25, 1927.]

In the Matter of the Application of JAY BUTLER HARRIS for a Writ of Habeas Corpus.

[1] CONTEMPT — DIVORCE—FAILURE TO PAY TEMPORARY ALIMONY—INABILITY OF HUSBAND—EVIDENCE—INVALIDITY OF ORDER.—An order adjudging a husband, who was ordered by the court in a divorce action to pay his wife temporary alimony, in contempt of court for failure to make payments was without evidence to support it, where the evidence showed without contradiction that he was unable to pay.

(1) 19 C. J., p. 304, n. 47.

APPLICATION for a Writ of Habeas Corpus to secure release from custody for contempt of court for failure to pay temporary alimony. Petitioner discharged.

The facts are stated in the opinion of the court.

Haas & Dunnigan and Harold C. Johnston for Petitioner.

No appearance for respondent.

WORKS, P. J.—Petitioner was a party to a divorce suit. He was ordered by the court in which the action was pending to pay to his wife, monthly, a certain sum of money as temporary alimony. Having failed to make some of the required payments when they were due, he was cited for contempt of court because of his dereliction, was adjudged

---

1. Inability to pay alimony as excuse for nonpayment, notes, 24 L. R. A. 437; 30 L. R. A. (N. S.), 1001; L. R. A. 1917C, 97. See, also, 1 R. C. L., Alimony, sec. 105; 1 Cal. Jur., Alimony, sec. 106.

guilty, and was sent to jail as a punishment for his alleged offense. He then petitioned this court for the writ of *habeas corpus* and the writ issued.

[1] On the hearing in the contempt proceeding it was not shown that petitioner had the ability to make the defaulted payments. In fact, the evidence showed without contradiction that he was unable to pay. The order adjudging petitioner in contempt of court was without evidence to support it.

Petitioner is discharged from custody.

Craig, J., and Thompson, J., concurred.